UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON GLOVER,

        CASE NO. 2:06-cv-11234

   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

COUNTRYWIDE HOME LOANS,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
AND TROTT & TROTT,

   Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 2, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the Motion for Summary Judgment filed by defendants Countrywide Home Loans, Mortgage Electronic Registration Systems, and Federal National Mortgage Association (collectively, the "Lender Defendants") (Docket #2), as well as this Court's Order to Show Cause dated May 22, 2006 (Docket #3).[1] Plaintiff has not responded to either. The facts and legal arguments are adequately presented in the materials before the Court,

---

[1] Defendant Trott & Trott has never been served. As the time for effectuating service on Trott & Trott has long since passed, the Court dismisses Plaintiff's claims against Defendant Trott & Trott. As Trott & Trott was also a defendant in the Friedman case, and for the reasons set forth in this Opinion and Order with respect to the Lender Defendants, such dismissal is with prejudice.

and the decisional process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1 (e)(2), it is hereby ORDERED that the Motion be resolved on the materials submitted, without this Court entertaining oral arguments.  For the reasons that follow, Lender Defendants' Motion is GRANTED and Plaintiff's action is DISMISSED WITH PREJUDICE.

## II.  BACKGROUND

Plaintiff filed the instant action challenging the foreclosure sale of real property at 19508 Pierson St., Detroit, Michigan (hereinafter the "Property").  Plaintiff's Complaint alleges that the defendants did not present a claim which relief could be granted during Case No. 05-CV-72484-DT, decided on December 6, 2005 by the Honorable Bernard A. Friedman (hereinafter the "Friedman case").  On May 27, 2005, Plaintiff filed the Friedman case challenging the mortgage foreclosure sale of the Property.  The Friedman case was dismissed as a result of Plaintiff's failure to cure the defects in his Complaint, thereby violating both Fed. R. Civ. P. 12(e) and an order of Magistrate Judge Mazjoub to file a properly pled amended complaint.  Plaintiff further alleges that the failure of defendants to state a claim during the Friedman case has resulted in a violation of Plaintiff's right to due process.

Lender Defendants filed the instant motion seeking summary judgment on the ground that the instant action is barred by the doctrine of claim preclusion.  On May 22, 2006, the Court issued an Order to Show Cause to Plaintiff as a result of Plaintiff's failure to file a response to the Motion for Summary Judgment.  As of the date of this Opinion, Plaintiff has not responded to the Court's Order to Show Cause or the Motion for Summary Judgment.

## III.  ANALYSIS

As a matter of federal law, claim preclusion precludes a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).  Further, "a judgment on the merits – even if erroneous – will be deprived of its preclusive effect only if it is vacated, reversed, or set aside on direct appeal."  *Harrington v. Vandalia-Butler Board of Education*, 649 F.2d 434, 438 (6th Cir. 1981).  Claim preclusion only occurs if the following four elements are present:

> (1) where the prior decision was a final decision on the merits; (2) where the present action is between the same parties or their privies as those to the prior action; (3) where the claim in a present action should have been litigated in the prior action; and (4) where an identity exists between the prior and present actions.

*Mitchell,* 343 F.3d at 819.

The Court finds that those four elements have been met in this case.  First, the Friedman case was dismissed with prejudice and "operates as adjudication upon the merits" pursuant to Fed. R. Civ. P. 41(b) because it was a dismissal for failure to comply with the Federal Rules of Civil Procedure or with a court order.  Second, the present action is clearly between the same parties that were involved in the prior action.  Third, the Plaintiff's claims that his due process rights were violated and that the defendants failed to state a claim could and should have been litigated in the prior action (*i.e.*, the Friedman case).  Finally, the existence of an identity between prior and present action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action."  *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  Plaintiff filed the instant action challenging the foreclosure the Property.  That subject matter stems from the same event, and involves the same facts, that

formed the basis for the Friedman case. Therefore, claim preclusion bars Plaintiff from litigating his claims in this forum.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Motion for Summary Judgment filed by Lender Defendants is GRANTED, and Plaintiff's cause of action is DISMISSED with PREDJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.


       s/Lawrence P. Zatkoff  
       LAWRENCE P. ZATKOFF  
       UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2006.

       s/Marie E. Verlinde  
       Case Manager  
       (810) 984-3290